UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

AMILCAR ROMERO,
    a/k/a "Soldado,"
JAIME SANTANA,
    a/k/a "Smiley,"
JOSE GARCIA,
    a/k/a "Tricky,"
CRISTIAN GUERRERO-MELGARES,
    a/k/a "Enigma,"
ALEXANDER RIVERA,
    a/k/a "Extrano," and,
GUSTAVO LLEVANO-RIVERA,

    Defendants.

- - - - - - - - - - - - - - - - X

**SEALED INDICTMENT**

19 Cr. ___ ( )

19 CRIM 734

## COUNT ONE
**(Racketeering Conspiracy)**

The Grand Jury charges:

1. At all times relevant to this Indictment, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, and others known and unknown, were members and associates of Mara Salvatrucha ("MS-13" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, acts and threats involving murder, extortion, and narcotics trafficking. At all times relevant to this Indictment, the Enterprise operated throughout North and

Central America, including in El Salvador, Mexico, New York, California, Texas, Virginia, Tennessee, and North Carolina.

2. MS-13, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano"," the defendants, participated in the operation and management of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

3. Members and associates of the Enterprise distributed methamphetamine and cocaine in furtherance of the Enterprise.

4. Certain members and associates of the Enterprise committed and agreed, attempted, and threatened to commit acts of violence in furtherance of the Enterprise. These acts of violence included acts involving assaults, murder, and extortion intended either to protect the Enterprise's drug territory, enforce

discipline amongst members of the Enterprise, to retaliate against members of rival gangs, or to otherwise promote the standing and reputation of the Enterprise.

## PURPOSES OF THE ENTERPRISE

5. The purposes of the Enterprise included the following:

a. Preserving and protecting the power, territory, reputation, and profits of the Enterprise and its members and associates through acts and threats involving murder and extortion.

b. Keeping victims, potential victims, and community members in fear of the Enterprise through acts and threats of violence.

c. Providing financial support and information to members and associates of the Enterprise, including those who are incarcerated in the United States and El Salvador.

d. Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

e. Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including methamphetamine and cocaine.

f. Promoting and enhancing the Enterprise and the activities of its members and associates.

        g.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

### MEANS AND METHODS OF THE ENTERPRISE

6.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

        a.    Members and associates of the Enterprise committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and extortion, to protect and expand the Enterprise's criminal operations, and to retaliate against rival gangs.

        b.    Members and associates of the Enterprise sold narcotics, including methamphetamine and cocaine.

        c.    Members and associates of the Enterprise obtained, possessed, and used firearms.

        d.    Members and associates of the Enterprise committed acts of intimidation and made threats as a means of deterring and punishing potential witnesses to their crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

## THE RACKETEERING CONSPIRACY

7. From at least in or about January 2019, up to and including in or about October 2019, in the Southern District of New York and elsewhere, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs 1 through 6 of this Indictment, namely, MS-13, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

   a. multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25, 125.27 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting), and California Penal Law Sections 187-189 (murder), 182 (conspiracy), 21a (attempt), and 31 (aiding and abetting);

   b. multiple acts involving extortion, chargeable

5

under the following provisions of state law: California Penal Law Sections 518-520 (extortion), 182 (conspiracy), 21a (attempt), and 31 (aiding and abetting);

    c. multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

    d. multiple acts indictable under Title 18, United States Code, Section 1952 (relating to racketeering); and,

    e. multiple offenses involving the distribution of controlled substances, that is methamphetamine and cocaine, punishable under Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

  8. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

NOTICE OF SPECIAL SENTENCING FACTOR

  9. From at least in or about January 2019, up to and including in or about October 2019, in the Southern District of New York and elsewhere, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, and others known and unknown, intentionally and knowingly did combine,

6

conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

10. It was a part and an object of the conspiracy that AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

11. The controlled substances that AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, conspired to distribute and possess with intent to distribute were (i) 50 grams and more of methamphetamine, (ii) 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 18, United States Code, Section 1962(d).)

### COUNT TWO
**(Narcotics Conspiracy)**

The Grand Jury further charges:

12. From at least in or about January 2019, up to and including in or about October 2019, in the Southern District of New York and elsewhere, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," CRISTIAN

7

GUERRERO-MELGARES, a/k/a "Enigma," ALEXANDER RIVERA, a/k/a "Extrano," and GUSTAVO LLEVANO-RIVERA, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

13.  It was a part and an object of the conspiracy that AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," CRISTIAN GUERRERO-MELGARES, a/k/a "Enigma," ALEXANDER RIVERA, a/k/a "Extrano," and GUSTAVO LLEVANO-RIVERA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

14.  The controlled substances that AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," CRISTIAN GUERRERO-MELGARES, a/k/a "Enigma," ALEXANDER RIVERA, a/k/a "Extrano," and GUSTAVO LLEVANO-RIVERA, the defendants, conspired to distribute and possess with intent to distribute were (i) 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A); (ii) 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A); and

(iii) mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT THREE
### (Firearms Offense)

The Grand Jury further charges:

15. From at least in or about May 2019 up to and including at least in or about September 2019, in the Southern District of New York and elsewhere, JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and CRISTIAN GUERRERO-MELGARES, a/k/a "Enigma," during and in relation to a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Two of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT FOUR
### (Firearms Offense)

The Grand Jury further charges:

16. On or about June 25, 2019, in the Southern District of New York, JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," each knowing that he is an alien illegally and unlawfully in the United States, knowingly possessed firearms, to wit, a COBRA model FS32 .32 auto caliber, semi-automatic firearm,

9

and a FEGARMY model PA-63 9mm Makarov caliber, semi-automatic firearm, which firearms were in and affecting commerce, and aided and abetted the same.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

17. As a result of committing the offense alleged in Count One of this Indictment, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," and ALEXANDER RIVERA, a/k/a "Extrano," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

    a. any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b. any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c. any property constituting and derived from any proceeds which the defendants obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

### FORFEITURE ALLEGATION AS TO COUNT TWO

18. As a result of committing the offense alleged in Count Two of this Indictment, AMILCAR ROMERO, a/k/a "Soldado," JAIME SANTANA, a/k/a "Smiley," JOSE GARCIA, a/k/a "Tricky," CRISTIAN GUERRERO-MELGARES, a/k/a "Enigma," ALEXANDER RIVERA, a/k/a "Extrano," and GUSTAVO LLEVANO-RIVERA, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

11

        a. cannot be located upon the exercise of due diligence;

        b. has been transferred or sold to, or deposited with, a third person;

        c. has been placed beyond the jurisdiction of the Court;

        d. has been substantially diminished in value; or

        e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 1963;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

_/s/ Foreperson_  
GRAND JURY FOREPERSON  
10/11/19

_/s/ Geoffrey S. Berman_  
GEOFFREY S. BERMAN  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AMILCAR ROMERO,
 a/k/a "Soldado,"
JAIME SANTANA,
 a/k/a "Smiley,"
JOSE GARCIA,
 a/k/a "Tricky,"
CRISTIAN GUERRERO-MELGARES,
 a/k/a "Enigma,"
ALEXANDER RIVERA,
 a/k/a "Extrano," and,
GUSTAVO LLEVANO-RIVERA,

Defendants.

### SEALED INDICTMENT

19 Cr. ___ ( )

(18 U.S.C. §§ 922(g)(5),
924(c)(1)(A)(i), 1962(d), and 2;
21 U.S.C. § 846)

GEOFFREY S. BERMAN
United States Attorney

*[signature]* 10/11/19
GRAND JURY FOREPERSON

True Bill, Arrest Warrants + Sealed Indictment Filed 10/11/19 *[initials]*
USMJ Wang